THE ATTORNEY GENERAL
OF TEXAS
GERALD C. MANN
ATTORNEY GENERAL
AUSTIN 11, TEXAS



Honorable W. C. McClain
District Attorney                    Opinion No. O-2298
Conroe, Texas                        Re: Interpretation of law
                                     regulating absentee
Dear Sir:                            voting, Article 2956,
                                     Revised Civil Statutes.

        This is in reply to your letter of April 26, 1940,
requesting the opinion of this Department interpreting Article
2956, Vernon's Annotated Civil Statutes, dealing with absentee
voting. Your request was prompted by an inquiry from the
County Clerk of Montgomery County and the following questions
are asked:

        "Question 1: Is it legal to send out a ballot
        or to permit a Notary Public to take out a ballot and
        application and have the elector sign the application
        and vote the ballot not in the presence of the County
        Clerk, whereas the law provides that the ballot shall
        be returned by mail?

        "Question 2: In Section 2 a provision is made
        that if the application is on account of sickness or
        physical disability a certificate of a licensed physi-
        cian shall accompany it. It seems to me it would be
        impossible for a physician to determine 15 or 20 days
        ahead in many cases whether or not an elector would
        be able to attend the polls, and I will ask you, where
        sickness is the basis of the application, if under
        that section an elector would not have to make his ap-
        plication and vote on the day of election, there being
        no time specified.

        "Question 3: Does not subdivision 3 have applica-
        tion only to electors who are absent from the county of
        their residence?"

        Article 2956 reads, in part, as follows:

        "Subdivision 1. Any qualified elector of this
        State who is absent from the county of his residence,
        or because of sickness or physical disability can
        not appear at the poll place in the election precinct

of his residence, on the day of holding any general,
special, or primary election, may, nevertheless, cause
his vote to be cast at such an election in the precinct
of his residence by compliance with one or other of the
methods hereinafter provided for absentee voting.

"Subdivision 2. Such elector shall make application
for an official ballot to the county clerk in writing
signed by the elector, or by a witness at the direction
of said elector in case of latter's inability to make
such written application because of physical disability.
Such application shall be accompanied by the poll tax
receipt or exemption certificate of the elector, or, in
lieu thereof, his affidavit in writing that same has
been lost or mislaid. If the ground of application can
be sickness or physical disability by reason of which
the elector cannot appear at the polling place on election
day, a certificate of a duly licensed physician certifying
as to such sickness or physical disability shall accompany
the application.

"Subdivision 3. At any time not more than twenty (20)
days, nor less than three (3) days, prior to the date of
such an election, such elector making his personal appear-
ance before the county clerk of the county of his resi-
dence at his office and delivering to such clerk his
application aforesaid, shall be entitled to receive from
said clerk one official ballot which has been prepared
in accordance with law for use in such election, which
ballot is then and there, in the office of said clerk of
said county, and in the presence of said clerk and of no
other person, except the witness who is authorized to
assist elector in certain cases as hereafter provided,
to be marked by the elector, <u>or by said witness in case
of physical disability of elector</u>, so as to conceal the
marking, and same shall, in the presence of the clerk,
be deposited in a ballot envelope furnished by said clerk,
which envelope shall bear upon the face thereof the name,
official title and post office address of such county
clerk, and upon the other side a printed affidavit in sub-
stantially the following form, to be filled out and signed
by the elector; provided, however, that <u>in case of the
physical disability of elector</u> preventing him from filling
out and signing such affidavit, then the witness who assisted
the elector in marking his ballot shall fill out and sign
affidavit for and in behalf of elector and shall also sign
his, witness name as prescribed in the following form:

State of_____

County of _____

I, _____, do solemnly swear that I am a Resident of Precinct No. _____, in _____ County, and am lawfully entitled to vote at the election to be held in said precinct on the _____ day of _____, 19____; that I am prevented from appearing at the polling place in said Precinct on the date of such election because of (illness), (physical disability), (or because of absence from County),_____, (elector to signify one of foregoing reasons) that the enclosed ballot expresses my wishes, independent of any dictation or undue persuasion of any person; that I did not use any memorandum or device to aid me in the marking of said ballot.

_____
Signature of elector

By:_____
Name of witness who assisted elector in event of physical disability.

"Subdivision 4.  At any time not more than twenty (20) days, nor less than three (3) days prior to the date of such an election, such elector who makes written application for a ballot as provided for in Subdivision 2 hereof, shall be entitled to have his ballot cast at such an election on compliance with the following provisions:

"The application, including fifteen cents (15¢) to cover postage, shall be mailed to the County Clerk of the elector's residence whose duty it shall be forthwith to mail to such elector a blank official ballot and ballot envelope as provided in Subdivision 3, which ballot shall be marked by elector, or by witness at the direction of said elector in case of the latter's inability to mark such ballot because of physical disability, in the presence of a Notary Public or other persons qualified under the law to take acknowledgements, and in the presence of no other person except said witness and/or such officer, and in such manner that such officer cannot know how the ballot is marked, and such ballot shall then in the presence of such officer be folded by the elector or by said witness in case of physical disability of said elector, deposited in said envelope, the envelope securely sealed, the endorsement filled out, signed and sworn to by the elector, or in case of physical disability, then by the said witness for and in behalf of said elector, and certified by such officer and then mailed by said officer, postage prepaid, to the County Clerk." (Underscoring ours)

You may note from reading this article that two methods are provided for voters who, because of absence from the county of their residence or because of sickness or physical disability, cannot appear at the poll place on the day of election.

The first method is by written application signed by the elector or a witness at his direction, accompanied by a poll tax receipt or exemption certificate, or, in lieu thereof, his affidavit in writing that the same has been lost or mislaid. If the elector claims the privilege of voting by absentee ballot on the ground of sickness or physical disability a certificate of a duly licensed physician certifying as to such sickness or physical disability must accompany the application. The application, together with fifteen cents to cover postage, must be mailed to the County Clerk. Upon compliance with these requisites, the elector will be entitled to have his ballot cast at any time not more than twenty nor less than three days prior to the date of the election, and it is the duty of the county clerk within this time, forthwith to mail the elector a ballot which will be re-mailed to the county clerk by the elector. For further particulars, we refer you to Subdivisions 2 and 4 of Article 2956.

The second method is provided in Subdivision 3 of Article 2954, namely, by the personal appearance of the elector before the county clerk at any time not more than twenty or less than three days prior to the date of the election. For further particulars, refer to Subdivision 3 of Article 2956.

In answer to your first question, therefore, we must advise that Article 2956 regulating absentee voting does not provide as a method the suggested procedure by which a notary public will take out blank application and ballot, and have the elector sign the application and vote a ballot which will then be returned to the county clerk by the notary.

In this connection we call your attention to the case of Sartwelle v. Dunn (C.C.A. 1938) 120 S.W. (2d) 130. There almost the identical procedure was followed. It appeared that ballots were taken from the county clerk's office by a notary and a candidate who were soliciting votes, to the residences of certain electors without request from them. Each expressed a willingness to vote, however, and the ballots were then and there marked by the notary at their direction. The court said:

> ". . . We recognize the general rule that the will of the electors should be respected when expressed at the ballot, but we are of the opinion that an elector exercising the right of suffrage through the medium provided by the absentee voting statute should at least substantially comply with the requirements of such statute.

To hold that ballots such as these were cast in substantial compliance with the statute would ignore the plain and express provisions thereof and open the avenues of fraud, deception and intimidation through absentee voting in the conduct of elections.

"We are of the opinion that the trial court erred in refusing to sustain the challenge to these votes."

We wish to point out that we are not passing upon the validity of absentee votes cast in a manner other than that provided by Article 2956. We confine our opinion to the duties of the county clerk with respect to the casting of absentee ballots. It is his duty to see that there is a substantial compliance with the terms of the statute; and insofar as his duties are concerned the suggested procedure does not so conform.

In answer to your second question, the time for absentee voting is specified as "not more than twenty(20) days, nor less than three (3) days" prior to the date of the election. This time is set forth in subdivision 4 for those absentee voters desiring to follow the procedure provided in subdivisions 2 and 4 of Article 2956. The last day application may be made and ballot cast by one unable to participate because of physical disability or sickness is the third day prior to the date of the election. If the election is to be held on a Saturday, Tuesday midnight is the deadline.

Your third question is whether or not Subdivision 3 relates only to electors absent from the county of their residence. If you will refer to Article 2956, quoted above, you will note that we have underscored those portions of subdivision 3 wherein specific attention has been given by the Legislature to cases of physical disability of the elector or illness.

You are, therefore, respectfully advised that not only electors who will be absent from the county of their residence on the day of holding the election, but also those unable to attend because of sickness or physical disability may avail themselves of the method provided in subdivision 3 of Article 2956 for casting absentee ballots.

Yours very truly

APPROVED JUN 7, 1940                   ATTORNEY GENERAL OF TEXAS

S/ GROVER SELLERS                      By S/ WALTER R. KOCH
FIRST ASSISTANT ATTORNEY                             Assistant
GENERAL
                                       By S/ JAMES D. SMULLEN
JDS:BBB
AMM                 APPROVED  Opinion Committee, by BWB Chairman